**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| CHARLES A. JONES, JR. and CHRISTINA DENISE JONES | CASE NO. 1:24-BK-00495-HWV |
| | ☐   ORIGINAL PLAN |
| | 1st   AMENDED PLAN (indicate 1st, 2nd 3rd, etc.) |
| | 0  number of Motions to Avoid Liens |
| | 0  number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The Plan contains nonstandard provisions, set out in §9, which are not included in the standard Plan as approved by the US Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
| 2 | The Plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The Plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G. | ☐ Included | ☒ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY.  If you oppose any provision of this Plan, you must file a timely written objection.  This Plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

**1.   PLAN FUNDING AND LENGTH OF PLAN**

**A.   Plan Payments from Future Income**

1.   To date, the Debtor paid $4,053.86 ($0 if no payments have been made to the Trustee to date).  Debtor shall pay to the Trustee for the remaining term of the Plan the following payments.  If applicable, in addition to monthly Plan payments, Debtor shall make conduit payments through the Trustee as set forth below.  The total base Plan is $102,015.86 plus other payments and property stated in §1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 05/2024 | 02/2029 | $1,689.00 | $0.00 | $1,689.00 | $97,962.00 |
| | | | | **Total Payments:** | $102,015.86 |

2. If the Plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payment and the Plan funding. Debtor must pay all post-petition mortgage payments that have come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the Plan.

4. CHECK ONE:
☐ Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*
☒ Debtor is over median income. Debtor estimates that a minimum of $94,677.81 must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding from Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances is before the deduction of Trustee fees and priority claims.)

CHECK ONE:
☒ No assets will be liquidated. *If this line is checked, skip §1.B.2 and complete §1.B.3, if applicable.*
☐ Certain assets will be liquidated as follows:

2. In addition to the above specified Plan payments, Debtor shall dedicate to the Plan proceeds in the estimated amount of $0.00 from the sale of property known and designated as          . All sales shall be completed by          , 20       . If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

## 2. SECURED CLAIMS

**A. Pre-Confirmation Distributions** *Check One*

☒ None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*
☐ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a Proof of Claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial Plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

Case 1:24-bk-00495-HWV    Doc 29    Filed 05/10/24    Entered 05/10/24 15:56:42    Desc
Main Document      Page 2 of 12

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor** *Check One*

☐ None. *If "None" is checked, the rest of §2.B need not be completed or reproduced.*

☒ Payments will be made by the Debtor directly to the Creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the Plan if not avoided or paid in full under the Plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Lendmark Financial Services | 2012 Ford Expedition | 2800 |
| Loan Depot | 5308 Ridgeview Drive Harrisburg, PA 17112 | 7063 |
| Wyndham Resort Development | Worldmark Wyndham Timeshare | 1125 |

**C. Arrears (Including, but not limited to, Claims Secured by Debtor's Principal Residence)** *Check One*

☒ None. *If "None" is checked, the rest of §2.C need not be completed or reproduced.*

☐ The Trustee shall distribute to each Creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the Creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |

**D. Other Secured Claims (Conduit Payments and Claims for Which a §506 Valuation is Not Acceptable, etc.)** *Check One*

☒ None. *If "None" is checked, the rest of §2.D need not be completed or reproduced.*

☐ The claims below are secured claims for which a §506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition dated and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law discharge under §1328 of the Code.

2. In addition to payments of the allowed secured claim, present value interest pursuant to 11 U.S.C §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the Court will determine the present value interest rate and amount at the Confirmation Hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

Case 1:24-bk-00495-HWV   Doc 29   Filed 05/10/24   Entered 05/10/24 15:56:42   Desc
Main Document      Page 3 of 12

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |

**E.** <u>**Secured Claims for Which a §506 Valuation is Applicable**</u> *Check One*

☒ None. *If "None" is checked, the rest of §2.E need not be completed or reproduced.*

☐ Claims listed in the subsection are debts secured by property not described in §2.D of this Plan. These claims will be paid in the Plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the Creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the Plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity or the allowed secured claim for each claim listed below will be determined by the Court at the Confirmation Hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary, or Other Action |
|---|---|---|---|---|---|
| | | | | | |

**F.** <u>**Surrender of Collateral**</u> *Check One*

☒ None. *If "None" is checked, the rest of §2.F need not be completed or reproduced.*

☐ The Debtor elects to surrender to each Creditor listed below in the collateral that secures the Creditor's claim. The Debtor requests that upon confirmation of this Plan or upon approval of any modified plan, the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |

**G.** <u>**Lien Avoidance**</u> *Do not use for mortgages or for statutory liens, such as tax liens. Check One of the Following Lines*

☒ None. *If "None" is checked, the rest of §2.B need not be completed or reproduced.*

☐ The Debtor moves to void the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to §522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| | |
|---|---|
| Name of Lien Holder | |
| Lien Description<br>for Judicial Liens, include court and docket number | |
| Description of Liened Property | |
| Liened Asset Value | |

Case 1:24-bk-00495-HWV   Doc 29   Filed 05/10/24   Entered 05/10/24 15:56:42   Desc
Main Document      Page 4 of 12

| | |
|---|---|
| Sum of Senior Liens | |
| Exemption Claim | |
| Amount of Lien | |
| Amount Avoided | |

**3. PRIORITY CLAIMS**

    **A. <u>Administrative Claims</u>**

        1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2. <u>Attorney's Fees</u>. *Complete Only One of the Following Options*

            a. In addition to the retainer of $315.00 already paid by the Debtor, the amount of $4,185.00 in the Plan. This represents the unpaid balance of the presumptively reasonable fee specified in LBR 2016-2(c); or

            b. $0.00 per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between Debtor and the Attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to LBR 2016-2(b).

        3. <u>Other</u>. Other administrative claims not included in §§3.A.1 or 3.A.2 above. *Check One*

        ☒ None. *If "None" is checked, the rest of §3.A.3 need not be completed or reproduced.*
        ☐ The following administrative claims will be paid in full:

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
| | |

    **B. <u>Priority Claims (including certain Domestic Support Obligations)</u>**

    Allowed unsecured claims entitled to priority under §1322(a) will be paid in full unless modified under §9

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
| Internal Revenue Service | $7,297.59 |

    **C. <u>Domestic Support Obligations Assigned to or Owed to a Governmental Unit Under 11 U.S.C. §507(1)(a)(B)</u>** Check *One*

    ☒ None. *If "None" is checked, the rest of §3.C need not be completed or reproduced.*
    ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This Plan provision requires that payments in §1.A be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIM**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified** *Check One*

   ☒ None. *If "None" is checked, the rest of §4.A need not be completed or reproduced.*

   ☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the Proof of Claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES** *Check One*

   ☒ None. *If "None" is checked, the rest of §5 need not be completed or reproduced.*

   ☐ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the Plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE**
   **Property of the estate will vest in the Debtor upon:** *Check the Applicable Line*

   ☐ Plan Confirmation
   ☒ Entry of Discharge
   ☐ Closing of Case

7. **DISCHARGE** *Check One*

   ☒ The Debtor will seek a discharge pursuant to §1328(a).

   ☐ The Debtor is not eligible for a discharge because the Debtor has previously received a discharge described in §1328(f).

8. **ORDER OF DISTRUBITION**

   If a pre-petition Creditor files a secured, priority or specifically classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Case 1:24-bk-00495-HWV   Doc 29   Filed 05/10/24   Entered 05/10/24 15:56:42   Desc
Main Document      Page 6 of 12

Payments from the Plan will be made by the Trustee in the following order:

Level 1: _____

Level 2: _____

Level 3: _____

Level 4: _____

Level 5: _____

Level 6: _____

Level 7: _____

Level 8: _____

*If the above levels are filled in, the rest of §8 need not be completed or produced.* If the above levels are not filled-in, then the Order of Distribution of Plan payments will be determined by the Trustee using the following as a guide:

Level 1: adequate protection payments

Level 2: Debtor's attorney's fees

Level 3: Domestic Support Obligations

Level 4: priority claims, pro rata

Level 5: secured claims, pro rata

Level 6: specifically classified unsecured claims

Level 7: timely filed general unsecured claims

Level 8: untimely filed general unsecured claims to which the Debtor has not objected

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the Plan is void. (NOTE: The Plan and any attachment must be filed as one document, not as a Plan and Exhibit.)**

05/09/2024

Dated: _____

/s/ Paul D. Murphy-Ahles
_____
Attorney for Debtor

/s/ Charles A. Jones, Jr.
_____
Debtor 1

/s/ Christina Denise Jones
_____
Debtor 2

By filing this document, the Debtor, if not represented by an Attorney, or the Attorney for Debtor also certifies that this Plan contains no nonstandard provisions other than those set out in §9.

**UNITED STATES BANKRUPTCY COURT**
MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Charles A. Jones, Jr.<br>     **Debtor 1**<br>Christine Denise Jones<br>     **Debtor 2** | **Chapter** 13<br><br>**Case No.** 1:24-BK-00495-HWV<br><br>**Matter:** First Amended Plan |

**NOTICE**

Notice is hereby given that:

The Debtor(s) filed a Chapter 13 Bankruptcy Petition on **February 29, 2024**.

A hearing on the above-referenced matter has been scheduled for:

| | |
|---|---|
| **United States Bankruptcy Court**<br>**Sylvia H. Rambo United States Courthouse**<br>**1501 North Sixth Street, Courtroom 4B**<br>**Harrisburg, PA 17102** | **Date: June 12, 2024**<br><br>**Time: 9:30 AM** |

Any objection/response to the above-referenced matter must be filed and served on or before **June 5, 2024**.

*Evidentiary hearings will not be conducted at the time of the Confirmation Hearing. If it is determined at the Confirmation Hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.*

A copy of the Plan is enclosed with this Notice. A copy may also be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Request to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

| | |
|---|---|
| Date: May 10, 2024 | Paul D. Murphy-Ahles, Esquire<br>PA ID No. 201207<br>DETHLEFS PYKOSH & MURPHY<br>2132 Market Street<br>Camp Hill, PA 17011<br>(717) 975-9446<br>pmurphy@dplglaw.com<br>*Attorney for Debtor(s)* |

**UNITED STATES BANKRUPTCY COURT**
MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Charles A. Jones, Jr.<br>**Debtor 1**<br>Christine Denise Jones<br>**Debtor 2** | **Chapter** 13<br><br>**Case No.** 1:24-BK-00495-HWV<br><br>**Matter:** First Amended Plan |

**CERTIFICATE OF SERVICE**

I hereby certify that on Friday, May 10, 2024, I served a true and correct copy of the **First Amended Chapter 13 Plan and Notice of Opportunity to Object and Hearing** in this proceeding via electronic means or USPS First Class Mail upon the recipients as listed in the Mailing Matrix.

/s/ Kathryn S. Greene

Kathryn S. Greene, RP®, Pa.C.P.
Paralegal for Paul D. Murphy-Ahles, Esquire

Label Matrix for local noticing
0314-1
Case 1:24-bk-00495-HWV
Middle District of Pennsylvania
Harrisburg
Fri May 10 15:51:29 EDT 2024

Ally Financial, c/o AIS Portfolio Services,
4515 N Santa Fe Ave. Dept APS
Oklahoma City, OK 73118-7901

U.S. Bankruptcy Court
Sylvia H. Rambo US Courthouse
1501 N. 6th Street
Harrisburg, PA 17102-1104

Affirm
30 Isabella Street, Floor 4
Pittsburgh, PA 15212-5862

Ally Financial
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

American Express National Bank
PO Box 297871
Fort Lauderdale, FL 33329-7871

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

CBNA / Best Buy
50 Northwest Point Road
Elk Grove Village, IL 60007-1032

CBNA / Costco
PO Box 6500
Sioux Falls, SD 57117-6500

CBNA / The Home Depot
PO Box 6497
Sioux Falls, SD 57117-6497

Capital One Bank USA
PO Box 30285
Salt Lake City, UT 84130-0285

Capital One N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC  28272-1083

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Citibank N.A.
Citibank, N.A.
5800 S Corporate Pl
Sioux Falls, SD  57108-5027

Comenity Bank / Boscov's
Attn Bankruptcy Department
PO Box 183043
Columbus, OH 43218-3043

Comenity Bank / Caesar's
Attn Bankruptcy Department
PO Box 182125
Columbus, OH 43218-2125

Credit One Bank
PO Box 98875
Las Vegas, NV 89193-8875

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH  43054-3025

Discover Bank
PO Box 3025
New Albany, OH 43054-3025

(p)FIRST NATIONAL BANK OF OMAHA
1620 DODGE ST
STOP CODE 3113
OMAHA NE 68102-1593

Fortiva
PO Box 105555
Atlanta, GA 30348-5555

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

(p)KASHABLE LLC
PO BOX 4287
NEW YORK NY 10163-4287

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

(p)LENDMARK FINANCIAL SERVICES
2118 USHER ST
COVINGTON GA 30014-2434

MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Members 1st FCU
PO Box 8893
Camp Hill, PA 17001-8893

Members 1st Federal Credit Union
5000 Marketplace Way
Enola, PA 17025-2431

Merrick Bank
PO Box 9201
Old Bethpage, NY 11804-9001

Montgomery Ward
c/o Creditors Bankruptcy Service
P.O. Box 800849
Dallas, TX 75380-0849

OneMain Financial
PO Box 3251
Evansville, IN 47731-3251

DUPLICATE

OneMain Financial Group
601 NW 2nd Street
PO Box 3251
Evansville, IN 47731-3251

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Prosper Funding
221 Main Street, Suite 300
San Francisco, CA 94105-1909

DUPLICATE

Prosper Funding LLC
C/O Weinstein & Riley, P.S.
1415 WESTERN AVE, SUITE 700
SEATTLE, WA 98101-2051

Purchasing Power, LLC
2727 Paces Ferry Road SE
Bldg. 2, Suite 1200
Atlanta, GA 30339-6143

Quantum3 Group LLC as agent for
Bread Financial Legacy
PO Box 788
Kirkland, WA  98083-0788

Quantum3 Group LLC as agent for
Comenity Bank
PO Box 788
Kirkland, WA  98083-0788

DUPLICATE

Quantum3 Group LLC as agent for
Comenity Capital Bank
PO Box 788
Kirkland, WA  98083-0788

Seventh Avenue / Midnight Velvet
1112 Seventh Avenue
Monroe, WI 53566-1364

Synchrony Bank
Attn: Bankruptcy Department
PO Box 965060
Orlando, FL 32896-5060

Synchrony Bank / Amazon
Attn: Bankruptcy Department
PO Box 965060
Orlando, FL 32896-5060

Synchrony Bank / Lowe's
Attn: Bankruptcy Department
PO Box 965061
Orlando, FL 32896-5061

Synchrony Bank / PayPal Extras
Attn: Bankruptcy Department
PO Box 965060
Orlando, FL 32896-5060

US Department of Education
Attn: Claims Filing Unit
PO Box 8973
Madison, WI 53708-8973

United States Trustee
US Courthouse
1501 N. 6th St
Harrisburg, PA 17102-1104

ELECTRONIC

(p)UPGRADE  INC
2 N CENTRAL AVE
10TH FLOOR
PHOENIX AZ 85004-2322

Wells Fargo Bank, N.A., Wells Fargo Card Ser
PO Box 10438 MAC F8235-02F
Des Moines, IA  50306-0438

DUPLICATE

Wells Fargo Card Services
PO Box 10438
MAC F8235-02F
Des Moines, IA 50306-0438

Wyndham Resort Development
PO Box 98940
Las Vega, NV 89193-8940

loanDepot.com
26642 Town Center
Foothill Ranch, CA 92610-2808

DUPLICATE

loanDepot.com, LLC
5465 Legacy Drive, Suite 400
Plano, TX 75024-3192

Charles A. Jones Jr.
5308 Ridgeview Drive
Harrisburg, PA 17112-2433

Christina Denise Jones
5308 Ridgeview Drive
Harrisburg, PA 17112-2433

(p)JACK N  ZAHAROPOULOS
ATTN CHAPTER 13 TRUSTEE
8125 ADAMS DRIVE SUITE A
HUMMELSTOWN PA 17036-8625

ELECTRONIC

Paul Donald Murphy-Ahles
Dethlefs Pykosh & Murphy
2132 Market Street
Camp Hill, PA 17011-4706

ELECTRONIC

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Chase Card
PO Box 15298
Wilmington, DE 19850

First National Bank of Omaha
1620 Dodge Street
Stop Code #3113
Omaha, NE 68102-1593

(d)First National Bank of Omaha
1620 Dodge Street, Stop Code 3113
Omaha, Nebraska 68197


Kashable
489 Fifth Avenue, Floor 18
New York, NY 10017

Lendmark Financial Services
2118 Usher Street
Covington, GA 30014-2434

PORTFOLIO RECOVERY ASSOCIATES, LLC
POB 41067
Norfolk, VA 23541


Upgrade
275 Battery Street, Floor 23
San Francisco, CA 94111

Jack N Zaharopoulos
Standing Chapter 13
(Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)LOANDEPOT.COM, LLC

End of Label Matrix
Mailable recipients    56
Bypassed recipients     1
Total                  57