## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>CHARLES A. JONES, JR. and<br>CHRISTINA DENISE JONES | CHAPTER 13<br><br>CASE NO. 1:24-BK-00495-HWV<br><br>☐ ORIGINAL PLAN<br>2nd AMENDED PLAN (indicate 1st, 2nd 3rd, etc.)<br><br>0 number of Motions to Avoid Liens<br>0 number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The Plan contains nonstandard provisions, set out in §9, which are not included in the standard Plan as approved by the US Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The Plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The Plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G. | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this Plan, you must file a timely written objection. This Plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A. **Plan Payments from Future Income**

    1. To date, the Debtor paid $5,623.10 ($0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the Plan the following payments. If applicable, in addition to monthly Plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base Plan is $103,321.10 plus other payments and property stated in §1B below:

| Start<br>mm/yyyy | End<br>mm/yyyy | Plan<br>Payment | Estimated<br>Conduit<br>Payment | Total<br>Monthly<br>Payment | Total Payment<br>Over Plan Tier |
|---|---|---|---|---|---|
| 06/2024 | 02/2029 | $1,714.00 | $0.00 | $1,714.00 | $97,698.00 |
| | | | | **Total Payments:** | $103,321.10 |

2. If the Plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payment and the Plan funding. Debtor must pay all post-petition mortgage payments that have come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the Plan.

4. CHECK ONE:
☐ Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*
☒ Debtor is over median income. Debtor estimates that a minimum of $95,975.40 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding from Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $27,496.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances is before the deduction of Trustee fees and priority claims.)

    CHECK ONE:
    ☒ No assets will be liquidated. *If this line is checked, skip §1.B.2 and complete §1.B.3, if applicable.*
    ☐ Certain assets will be liquidated as follows:

2. In addition to the above specified Plan payments, Debtor shall dedicate to the Plan proceeds in the estimated amount of $0.00 from the sale of property known and designated as ____. All sales shall be completed by ____, 20__. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

2. **SECURED CLAIMS**

    A. **Pre-Confirmation Distributions** *Check One*

    ☒ None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*
    ☐ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a Proof of Claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial Plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor** *Check One*

☐ None. *If "None" is checked, the rest of §2.B need not be completed or reproduced.*
☒ Payments will be made by the Debtor directly to the Creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the Plan if not avoided or paid in full under the Plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Lendmark Financial Services | 2012 Ford Expedition | 2800 |
| Loan Depot | 5308 Ridgeview Drive Harrisburg, PA 17112 | 7063 |
| Wyndham Resort Development | Worldmark Wyndham Timeshare | 1125 |

C. **Arrears (Including, but not limited to, Claims Secured by Debtor's Principal Residence)** *Check One*

☒ None. *If "None" is checked, the rest of §2.C need not be completed or reproduced.*
☐ The Trustee shall distribute to each Creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the Creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |

D. **Other Secured Claims (Conduit Payments and Claims for Which a §506 Valuation is Not Acceptable, etc.)** *Check One*

☒ None. *If "None" is checked, the rest of §2.D need not be completed or reproduced.*
☐ The claims below are secured claims for which a §506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition dated and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law discharge under §1328 of the Code.

2. In addition to payments of the allowed secured claim, present value interest pursuant to 11 U.S.C §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the Court will determine the present value interest rate and amount at the Confirmation Hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |

E. **Secured Claims for Which a §506 Valuation is Applicable** *Check One*

☒ None. *If "None" is checked, the rest of §2.E need not be completed or reproduced.*

☐ Claims listed in the subsection are debts secured by property not described in §2.D of this Plan. These claims will be paid in the Plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the Creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the Plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity or the allowed secured claim for each claim listed below will be determined by the Court at the Confirmation Hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary, or Other Action |
|---|---|---|---|---|---|
| | | | | | |

F. **Surrender of Collateral** *Check One*

☒ None. *If "None" is checked, the rest of §2.F need not be completed or reproduced.*

☐ The Debtor elects to surrender to each Creditor listed below in the collateral that secures the Creditor's claim. The Debtor requests that upon confirmation of this Plan or upon approval of any modified plan, the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |

G. **Lien Avoidance** *Do not use for mortgages or for statutory liens, such as tax liens. Check One of the Following Lines*

☒ None. *If "None" is checked, the rest of §2.B need not be completed or reproduced.*

☐ The Debtor moves to void the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to §522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| | |
|---|---|
| Name of Lien Holder | |
| Lien Description for Judicial Liens, include court and docket number | |
| Description of Liened Property | |
| Liened Asset Value | |

| | |
|---|---|
| Sum of Senior Liens | |
| Exemption Claim | |
| Amount of Lien | |
| Amount Avoided | |

3. **PRIORITY CLAIMS**

   A. **Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's Fees</u>. *Complete Only One of the Following Options*

      a. In addition to the retainer of $315.00 already paid by the Debtor, the amount of $4,185.00 in the Plan. This represents the unpaid balance of the presumptively reasonable fee specified in LBR 2016-2(c); or
      b. $0.00 per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between Debtor and the Attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to LBR 2016-2(b).

   3. <u>Other</u>. Other administrative claims not included in §§3.A.1 or 3.A.2 above. *Check One*

      ☒ None. *If "None" is checked, the rest of §3.A.3 need not be completed or reproduced.*
      ☐ The following administrative claims will be paid in full:

   | **Name of Creditor** | **Estimated Total Payment** |
   |---|---|
   | | |

   B. **Priority Claims (including certain Domestic Support Obligations)**

   Allowed unsecured claims entitled to priority under §1322(a) will be paid in full unless modified under §9

   | **Name of Creditor** | **Estimated Total Payment** |
   |---|---|
   | Internal Revenue Service | $7,297.59 |

   C. **Domestic Support Obligations Assigned to or Owed to a Governmental Unit Under 11 U.S.C. §507(1)(a)(B)** Check *One*

      ☒ None. *If "None" is checked, the rest of §3.C need not be completed or reproduced.*
      ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This Plan provision requires that payments in §1.A be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

4. **UNSECURED CLAIM**

   A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified**</u> *Check One*

   ☒ None. *If "None" is checked, the rest of §4.A need not be completed or reproduced.*
   ☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the Proof of Claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| | | | | |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES** *Check One*

   ☒ None. *If "None" is checked, the rest of §5 need not be completed or reproduced.*
   ☐ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the Plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| | | | | | | |

6. **VESTING OF PROPERTY OF THE ESTATE**
   **Property of the estate will vest in the Debtor upon:** *Check the Applicable Line*

   ☐ Plan Confirmation
   ☒ Entry of Discharge
   ☐ Closing of Case

7. **DISCHARGE** *Check One*

   ☒ The Debtor will seek a discharge pursuant to §1328(a).
   ☐ The Debtor is not eligible for a discharge because the Debtor has previously received a discharge described in §1328(f).

8. **ORDER OF DISTRUBITION**

   If a pre-petition Creditor files a secured, priority or specifically classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the Plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above levels are filled in, the rest of §8 need not be completed or produced.* If the above levels are not filled-in, then the Order of Distribution of Plan payments will be determined by the Trustee using the following as a guide:

Level 1: adequate protection payments
Level 2: Debtor's attorney's fees
Level 3: Domestic Support Obligations
Level 4: priority claims, pro rata
Level 5: secured claims, pro rata
Level 6: specifically classified unsecured claims
Level 7: timely filed general unsecured claims
Level 8: untimely filed general unsecured claims to which the Debtor has not objected

9. **NONSTANDARD PLAN PROVISIONS**

   **Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the Plan is void. (NOTE: The Plan and any attachment must be filed as one document, not as a Plan and Exhibit.)**

Dated: 06/07/2024

/s/ Paul D. Murphy-Ahles
Attorney for Debtor

/s/ Charles A. Jones, Jr.
Debtor 1

/s/ Christina Denise Jones
Debtor 2

By filing this document, the Debtor, if not represented by an Attorney, or the Attorney for Debtor also certifies that this Plan contains no nonstandard provisions other than those set out in §9.

**UNITED STATES BANKRUPTCY COURT**
MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Charles A. Jones, Jr.<br>**Debtor 1**<br>Christina Denise Jones<br>**Debtor 2** | **Chapter** 13<br><br>**Case No.** 1:24-BK-00495-HWV<br><br>**Matter:** Second Amended Plan |

## NOTICE

Notice is hereby given that:

The Debtor(s) filed a Chapter 13 Bankruptcy Petition on **February 29, 2024**.

A hearing on the above-referenced matter has been scheduled for:

| | |
|---|---|
| **United States Bankruptcy Court**<br>**Sylvia H. Rambo United States Courthouse**<br>**1501 North Sixth Street, Courtroom 4B**<br>**Harrisburg, PA 17102** | **Date: July 10, 2024**<br><br>**Time: 9:30 AM** |

Any objection/response to the above-referenced matter must be filed and served on or before **July 3, 2024**.

*Evidentiary hearings will not be conducted at the time of the Confirmation Hearing. If it is determined at the Confirmation Hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.*

A copy of the Plan is enclosed with this Notice. A copy may also be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Request to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

| | |
|---|---|
| Date: June 7, 2024 | Paul D. Murphy-Ahles, Esquire<br>PA ID No. 201207<br>DETHLEFS PYKOSH & MURPHY<br>2132 Market Street<br>Camp Hill, PA 17011<br>(717) 975-9446<br>pmurphy@dplglaw.com<br>*Attorney for Debtor(s)* |

**UNITED STATES BANKRUPTCY COURT**
MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Charles A. Jones, Jr.<br>**Debtor 1**<br>Christine Denise Jones<br>**Debtor 2** | **Chapter** 13<br><br>**Case No.** 1:24-BK-00495-HWV<br><br>**Matter:** Second Amended Plan |

### CERTIFICATE OF SERVICE

I hereby certify that on Friday, June 7, 2024, I served a true and correct copy of the **Second Amended Chapter 13 Plan and Notice of Opportunity to Object and Hearing** in this proceeding via electronic means or USPS First Class Mail upon the recipients as listed in the Mailing Matrix.

/s/ Kathryn S. Greene

Kathryn S. Greene, RP®, Pa.C.P.
Paralegal for Paul D. Murphy-Ahles, Esquire

```
Label Matrix for local noticing            Ally Financial, c/o AIS Portfolio Services,   U.S. Bankruptcy Court
0314-1                                     4515 N Santa Fe Ave Dept APS                  Sylvia H. Rambo US Courthouse
Case 1:24-bk-00495-HWV                     Oklahoma City, OK 73118-7901                  1501 N. 6th Street
Middle District of Pennsylvania                                                          Harrisburg, PA 17102-1104
Harrisburg
Fri May 10 15:51:29 EDT 2024

Affirm                                     Ally Financial                                American Express National Bank
30 Isabella Street, Floor 4                AIS Portfolio Services, LLC                   PO Box 297871
Pittsburgh, PA 15212-5862                  4515 N Santa Fe Ave. Dept. APS                Fort Lauderdale, FL 33329-7871
                                           Oklahoma City, OK 73118-7901

American Express National Bank             CBNA / Best Buy                               CBNA / Costco
c/o Becket and Lee LLP                     50 Northwest Point Road                       PO Box 6500
PO Box 3001                                Elk Grove Village, IL 60007-1032              Sioux Falls, SD 57117-6500
Malvern  PA 19355-0701

CBNA / The Home Depot                      Capital One Bank USA                          Capital One N.A.
PO Box 6497                                PO Box 30285                                  by American InfoSource as agent
Sioux Falls, SD 57117-6497                 Salt Lake City, UT 84130-0285                 PO Box 71083
                                                                                         Charlotte, NC  28272-1083

(p)JPMORGAN CHASE BANK  N A                Citibank N.A.                                 Comenity Bank / Boscov's
BANKRUPTCY MAIL INTAKE TEAM                Citibank, N.A.                                Attn: Bankruptcy Department
700 KANSAS LANE FLOOR 01                   5800 S Corporate Pl                           PO Box 183043
MONROE LA 71203-4774                       Sioux Falls, SD  57108-5027                   Columbus, OH 43218-3043

Comenity Bank / Caesar's                   Credit One Bank                               Discover Bank
Attn: Bankruptcy Department                PO Box 98875                                  Discover Products Inc
PO Box 182125                              Las Vegas, NV 89193-8875                      PO Box 3025
Columbus, OH 43218-2125                                                                  New Albany, OH  43054-3025

Discover Bank                              (p)FIRST NATIONAL BANK OF OMAHA               Fortiva
PO Box 3025                                1620 DODGE ST                                 PO Box 105555
New Albany, OH 43054-3025                  STOP CODE 3113                                Atlanta, GA 30348-5555
                                           OMAHA NE 68102-1593

Internal Revenue Service                   JPMorgan Chase Bank, N.A.                     (p)KASHABLE LLC
Centralized Insolvency Operation           s/b/m/t Chase Bank USA, N.A.                  PO BOX 4287
PO Box 7346                                c/o National Bankruptcy Services, LLC         NEW YORK NY 10163-4287
Philadelphia, PA 19101-7346                P.O. Box 9013
                                           Addison, Texas 75001-9013

LVNV Funding, LLC                          (p)LENDMARK FINANCIAL SERVICES                MERRICK BANK
Resurgent Capital Services                 2118 USHER ST                                 Resurgent Capital Services
PO Box 10587                               COVINGTON GA 30014-2434                       PO Box 10368
Greenville, SC 29603-0587                                                                Greenville, SC 29603-0368

Members 1st FCU                            Members 1st Federal Credit Union              Merrick Bank
PO Box 8893                                5000 Marketplace Way                          PO Box 9201
Camp Hill, PA 17001-8893                   Enola, PA 17025-2431                          Old Bethpage, NY 11804-9001
```

Case 1:24-bk-00495-HWV    Doc 37    Filed 06/07/24    Entered 06/07/24 16:14:12    Desc
Main Document    Page 10 of 12

| | | |
|---|---|---|
| Montgomery Ward<br>c/o Creditors Bankruptcy Service<br>P.O. Box 800849<br>Dallas, TX 75380-0849 | OneMain Financial<br>PO Box 3251<br>Evansville, IN 47731-3251 | OneMain Financial Group<br>601 NW 2nd Street<br>PO Box 3251<br>Evansville, IN 47731-3251 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Prosper Funding<br>221 Main Street, Suite 300<br>San Francisco, CA 94105-1909 | Prosper Funding LLC<br>C/O Weinstein & Riley, P.S.<br>1415 WESTERN AVE, SUITE 700<br>SEATTLE, WA 98101-2051 |
| Purchasing Power, LLC<br>2727 Paces Ferry Road SE<br>Bldg. 2, Suite 1200<br>Atlanta, GA 30339-6143 | Quantum3 Group LLC as agent for<br>Bread Financial Legacy<br>PO Box 788<br>Kirkland, WA  98083-0788 | Quantum3 Group LLC as agent for<br>Comenity Bank<br>PO Box 788<br>Kirkland, WA  98083-0788 |
| Quantum3 Group LLC as agent for<br>Comenity Capital Bank<br>PO Box 788<br>Kirkland, WA  98083-0788 | Seventh Avenue / Midnight Velvet<br>1112 Seventh Avenue<br>Monroe, WI 53566-1364 | Synchrony Bank<br>Attn: Bankruptcy Department<br>PO Box 965060<br>Orlando, FL 32896-5060 |
| Synchrony Bank / Amazon<br>Attn: Bankruptcy Department<br>PO Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank / Lowe's<br>Attn: Bankruptcy Department<br>PO Box 965061<br>Orlando, FL 32896-5061 | Synchrony Bank / PayPal Extras<br>Attn: Bankruptcy Department<br>PO Box 965060<br>Orlando, FL 32896-5060 |
| US Department of Education<br>Attn: Claims Filing Unit<br>PO Box 8973<br>Madison, WI 53708-8973 | United States Trustee<br>US Courthouse<br>1501 N. 6th St<br>Harrisburg, PA 17102-1104 | (p)UPGRADE  INC<br>2 N CENTRAL AVE<br>10TH FLOOR<br>PHOENIX AZ 85004-2322 |
| Wells Fargo Bank, N.A., Wells Fargo Card Ser<br>PO Box 10438 MAC F8235-02F<br>Des Moines, IA  50306-0438 | Wells Fargo Card Services<br>PO Box 10438<br>MAC F8235-02F<br>Des Moines, IA 50306-0438 | Wyndham Resort Development<br>PO Box 98940<br>Las Vega, NV 89193-8940 |
| loanDepot.com<br>26642 Town Center<br>Foothill Ranch, CA 92610-2808 | loanDepot.com, LLC<br>5465 Legacy Drive, Suite 400<br>Plano, TX 75024-3192 | Charles A. Jones Jr.<br>5308 Ridgeview Drive<br>Harrisburg, PA 17112-2433 |
| Christina Denise Jones<br>5308 Ridgeview Drive<br>Harrisburg, PA 17112-2433 | (p)JACK N   ZAHAROPOULOS<br>ATTN CHAPTER 13 TRUSTEE<br>8125 ADAMS DRIVE SUITE A<br>HUMMELSTOWN PA 17036-8625 | Paul Donald Murphy-Ahles<br>Dethlefs Pykosh & Murphy<br>2132 Market Street<br>Camp Hill, PA 17011-4706 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| Chase Card<br>PO Box 15298<br>Wilmington, DE 19850 | First National Bank of Omaha<br>1620 Dodge Street<br>Stop Code #3113<br>Omaha, NE 68102-1593 | (d)First National Bank of Omaha<br>1620 Dodge Street, Stop Code 3113<br>Omaha, Nebraska 68197 |
|---|---|---|
| Kashable<br>489 Fifth Avenue, Floor 18<br>New York, NY 10017 | Lendmark Financial Services<br>2118 Usher Street<br>Covington, GA 30014-2434 | PORTFOLIO RECOVERY ASSOCIATES, LLC<br>POB 41067<br>Norfolk, VA 23541 |
| Upgrade<br>275 Battery Street, Floor 23<br>San Francisco, CA 94111 | Jack N Zaharopoulos<br>Standing Chapter 13<br>(Trustee)<br>8125 Adams Drive, Suite A<br>Hummelstown, PA 17036 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)LOANDEPOT.COM, LLC

End of Label Matrix
Mailable recipients   56
Bypassed recipients    1
Total                 57